DECISION
Plaintiff appeals concerning certain personal income tax matters for the 2007 tax year. The issue concerns retirement plan contributions that Plaintiff claims were previously taxed by Massachusetts. The Oregon tax amount at issue is $468.
A case management conference was held July 30, 2009. Irene T. Dobra, Plaintiff, and her daughter, Lorraine Dobra, participated. Tami Powers, Auditor, represented Defendant. Subsequently, written submissions were filed by the parties; the record closed November 12, 2009.
 I. STATEMENT OF FACTS
Plaintiff is 86 years old. She received retirement benefits during 2007 in the amount of $4,500. The contributions for that distribution were previously taxed by the State of Massachusetts. Under certain circumstances, Oregon will allow a subtraction for those sums paid.
In order to recommend the appropriate allowance, Defendant asked for substantiation and documentation. Suggested sources of information included the federal Internal Revenue Service, the administrator of Plaintiff's Individual Retirement Account (IRA), and the Massachusetts taxing authority. *Page 2 
Plaintiff did provide detailed information to the court for its review.
 II. ANALYSIS
Plaintiff claims an Oregon subtraction for previously taxed retirement plans contribution. That requires that she show the contributions made to the plan were previously taxed by Massachusetts and that she was not allowed a deduction on that state's return for the retirement plan. ORS316.159; ORS 316.680; ORS 314.425.[1]
Plaintiff submitted pertinent information from the Massachusetts taxing authority. That entity's tax instructions for Form 1 include:
 "Since Massachusetts does not allow a deduction for amounts originally contributed to an IRA or Keogh, the distributions are not taxable until the full amount of your contributions which were previously subject to Massachusetts taxes are recovered." (Compl at page 11.)
Plaintiff provided copies of her completed Massachusetts tax returns. They show the amounts of taxes paid for relevant periods. Although the exact format of the data is not what Defendant requested, the totality of the situation weighs in Plaintiff's favor.
Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff in this case has met that statutory requirement. Accordingly, the appeal must be granted.
The court finds that the 2007 pension distribution is not taxable by Oregon. *Page 3 
 III. CONCLUSION
There is sufficient evidence presented to allow the requested relief for the 2007 tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is granted.
Dated this ___ day of 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December1, 2009. The Court filed and entered this document on December 1, 2009
[1] All reference to the Oregon Revised Statutes (ORS) are to 2005.